**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4655

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH LAMONT TUTT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:17-cr-00142-D-1)

Submitted:  March 13, 2018                    Decided:  March 15, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, RICHARD CROUTHARMEL, ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Keith Lamont Tutt pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). At sentencing, Tutt made an oral motion to withdraw his guilty plea, which the district court denied. The district court sentenced Tutt to 192 months' imprisonment.

Tutt's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion by denying Tutt's motion to withdraw his guilty plea, and by denying Tutt a reduction in his offense level for acceptance of responsibility. Tutt has also filed a pro se supplemental brief. Finding no errors, we affirm.

"We review the denial of a motion to withdraw a guilty plea for abuse of discretion. There is no absolute right to withdraw a guilty plea, thus the defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citations omitted). In evaluating a request to withdraw a guilty plea, we consider the six factors articulated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). In this case, the district court considered each of these factors in reaching its decision to deny Tutt's request to withdraw his plea. Tutt has not offered any credible evidence that his plea was not knowing and voluntary, and although Tutt argues in his supplemental brief that he is actually innocent, his argument is without merit. Tutt claims that his counsel did not fully inform him about the consequences of

his plea, but nothing on the face of the record suggests that his counsel was ineffective. Tutt's assertion that he was not given a full and fair opportunity to address the court on his motion to withdraw is also belied by the transcript of the sentencing hearing. Because none of the relevant factors weigh in favor of allowing Tutt to withdraw his plea, the district court did not abuse its discretion by denying the motion.

Tutt also contends that the district court should have granted him a reduction for acceptance of responsibility. Section 3E1.1 of the Sentencing Guidelines provides for a two-level decrease '[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a) (2016). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (internal quotation marks omitted). "We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error." *Id.*; *see* USSG § 3E1.1 cmt. n.5 (noting that the determination of the sentencing judge as to whether a defendant has accepted responsibility "is entitled to great deference on review"). Although Tutt pled guilty and the probation officer recommended awarding Tutt the downward adjustment, Tutt attempted to withdraw his plea at sentencing. Tutt also objected to the inclusion of inculpatory wiretap evidence in the presentence report that the Government characterized as central to the factual basis for the plea. In light of these actions, the district court did not clearly err in determining that Tutt had not shown that he had accepted responsibility.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Tutt's convictions and sentence. This court requires that counsel inform Tutt, in writing, of the right to petition the Supreme Court of the United States for further review. If Tutt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tutt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*